## Young v. Wolcott et al.

Where the husband alone, conveys real estate, the dower of the wife, upon his death, is to be governed by the law in force at the time of making the conveyance by the husband, and not by that in force at the time of his decease.

*Appeal from the Lee District Court.*

This was a petition originally filed in the county court of Lee county, by Harriett Young, as widow of Peter Young, deceased, praying the assignment of her dower in two parcels of real estate described therein. The material facts, as disclosed by the record, are as follows: The husband of petitioner died in August, 1851, and during his lifetime, and the coverture of the said Harriett, was seized in fee simple of the property described. On the 6th of March, 1851, Peter Young executed a deed of trust to Samuel F. Miller,

to secure certain debts which he was owing Wolcott and others, which deed included only a portion of the property from which dower is claimed. On the 26th of November of the same year, the trustee sold the trust estate under said deed to Arthur Wolcott. The wife did not sign said trust deed. Wolcott and others were made defendants to the petition in the county court, and set up the above facts, which are not denied, and also the further fact, that on the 1st of October, 1850, the said Young and his wife, Harriett, had, by their deed, duly acknowledged, conveyed the real estate in the petition named, that was not covered by the subsequent trust deed, to the defendants. This latter averment was denied by the petitioner, she claiming and averring under oath, that she never had signed said deed. On the hearing in the county court, it was found that the petitioner had conveyed her interest in the property described in said deed of October 1st, 1850, and was, therefore, not entitled to dower therein; but that she was entitled to her dower in *fee simple* in the property mentioned in the trust deed. From the first part of this decree, the petitioner, and from the latter, the defendants, appealed to the District Court. On the hearing of these two appeals (both appearing to have been heard together), in the District Court, the judgment of the county court was affirmed. Both parties have appealed to this court. The appeal of the petitioner has been dismissed for want of prosecution, and the only question now left is, as to the correctness of the judgment of the District Court, in awarding the petitioner dower in *fee simple* in the lands described in the trust deed, under the circumstances stated. The time of the marriage of Peter and Harriett is not shown, but the fact of marriage is admitted.

*Samuel F. Miller*, for appellants.

*J. C. Hall* and *S. F. Marshall*, for appellee.

WRIGHT, C. J.—The defendants claim that the petitioner was only entitled to a dower interest for life, and not in fee

simple, in this land. The law in force at the time this deed was executed, gave her only a life estate. The Code, which was in force at the time of Peter Young's death, gave her one-third in fee simple. This decision of the District Court was made April 3d, 1855, but we suppose without knowledge of the ruling of this court, involving the same question, at the last term. The case of *Jane B. O'Farrell* v. *Timothy Davis*, decided at the December term, 1854, of this court, is now relied upon by the appellants as settling this case. We can see no difference in the principle involved. Indeed, from the fact that no argument has been made by the appellee, we suppose that decision is regarded as governing this case. It was there held, that the dower of the wife is to be governed by the law in force at the time of the making of the deed by the husband, and not that in force at the time of the husband's death; that the husband had full power to dispose of the entire estate, except the wife's dower; that the purchaser would take the property subject to that right, as then fixed by law; and that the law making power could not afterwards increase that interest, without violating the obligation of the original contract. We are not now urged to change this ruling, and as at present advised, see no good reason for so doing.

The decree of the District Court, giving to the petitioner a dower in fee simple, will therefore be reversed, and the cause remanded, with directions to enter the decree so as to give the petitioner dower for life only in the lands mentioned in said trust deed, and in all other respects the proceedings are affirmed.

Judgment reversed.