## Moore v. Kent *et al.*

**Dower: BY WHAT LAW GOVERNED.** At the time of the conveyance of real estate by the husband, in which the wife did not join, her dower right remained as at common law; subsequently, and before the husband's death, the right of dower was enlarged by the act of 1862. *Held*, that the widow was entitled to dower according to the law in force at the time of the conveyance.

*Appeal from Woodbury District Court.*

THURSDAY, JUNE 19.

THE plaintiff, in her petition, states that in June, 1859, she was married to Marshall F. Moore, who died in February, 1870; that said Marshall F. Moore, at the time of said marriage and during the time of their coverture, was seized of a certain parcel of ground in Woodbury county, Iowa, being 22 feet front and 100 feet deep, and being immediately north of the south half of lot nine in block five in Sioux City east addition; that the defendant is in possession of said parcel of land, and claims to own the same in fee simple under and by

virtue of a conveyance thereof to him from John Currier to whom said Marshall F. Moore conveyed the same on the 10th day of August, 1859.

The plaintiff claims to be entitled to dower in the premises, and alleges that she has demanded the same of the defendant, that he has denied her right to dower, and has refused to have the same admeasured or to permit her to have her said dower, and she prays that her dower be assigned, etc.

The plaintiff demurred to this petition, which being sustained and judgment rendered thereon, the plaintiff appeals.

*H. B. Wilson* for the appellant.

*John Currier* and *O. C. Tredway* for the appellee.

MILLER, J.— The petition states that the plaintiff's husband was the owner of the land, and that he conveyed it to John Currier on the 10th day of August, 1859. At this time the act of 1853 (ch. 61, acts of Fourth General Assembly) was in force, which provided that "one-third in value of all the real estate in which the husband at any time during the marriage had a legal or equitable interest, and to which the wife has made no relinquishment of her rights, shall, under the direction of the court, be set apart by the executor as her property in dower upon the death of the husband if she survive him. Said estate in dower to be and remain the same as at common law." By chapter 151 of the Laws of 1862, which was after Marshall F. Moore had conveyed, but prior to his death, the provision of the statute above quoted was repealed and the following enacted in lieu thereof: "One-third in value of all the real estate in which the husband at any time during the marriage had a legal or equitable interest, which has not been sold on execution or other judicial sale, to which the wife has made no relinquishment of her rights, shall, under the direction of the court, be set apart by the executor, administrator or heir, as her property *in fee simple*, on the death of the husband, if she survive him."

It has been held by this court that the right of the widow

to dower depends upon the law in force at the time of the death of the husband. *Lucas* v. *Sawyer*, 17 Iowa, 517; *Sturdevant* v. *Norris*, 30 id. 65. In the former of these cases WRIGHT, Ch. J., says, that " in measuring her rights, as already seen, we look to the law in force at the time of the husband's death, for it is this event which ripens or makes consummate the prior right, which, so long as it rested upon the marriage and seizin, was inchoate only. If there was no law in force at that time giving her the right, then it is extinguished ; she cannot take under a law repealed prior to that time. And, taking under the law then existing, she must take it with its restrictions and limitations."

There is another class of cases in this court in which it has been held that the dower right of the widow should be governed by the law in force at the time of the alienation by the husband. See these cases cited in the opinion in *Lucas* v. *Sawyer*, *supra*, on p. 519. There would seem to be an inconsistency in these two classes of cases ; but on examination this seeming inconsistency disappears. The cases last alluded to arose where the estate of dower under the law in force at the time of alienation had been enlarged by the law in force at the decease of the husband, and were decided mainly on the ground that the estate of dower having been enlarged, the statute should not have a retroactive operation, so as to lessen the estate purchased by the vendee. And since there was no question made in those cases, but what the widow was entitled to dower, either under the law in force at the time of alienation, or under that in force at the death of the husband, the only controversy being whether she took under the former or under the latter ; and, as the wife could not take under the statute in force at the death of the husband without an infringement of the vested rights of the purchaser, she was allowed to take her dower under the former law.

These cases, therefore, while they apply the law in force at the time of the alienation by the husband, as governing the widow's dower, recognize the soundness of the doctrine as announced in *Lucas* v. *Sawyer*, *supra*, and followed in

*Sturdevant* v. *Norris, supra ;* but apply the former law as governing the widow's dower in lands conveyed by the husband under that law. These decisions are based upon the doctrine of the law in respect to the rights of the purchaser. He having purchased of the husband when the law gave the widow dower as at common law, he took the land subject only to that inchoate right, which the legislature has no power to enlarge as against him. But it being conceded that upon the death of the husband the widow was at least endowable to the extent of the law in force at the time of alienation. The court so endowed her.

In this case, however, it is insisted that the wife not being entitled to dower under the law of 1862, giving an estate of one-third in fee simple, in premises previously conveyed by her husband, while the statute gave her dower as at common law ; and since the act of 1862 repealed the former law in respect to dower, she cannot claim dower under that act, and hence, that she is not entitled to dower at all in the premises in controversy.

The right of the wife to be endowed of the lands of her husband, so long as it is inchoate only, may be enlarged, abridged, or entirely taken away by statute. *Lucas* v. *Sawyer, supra,* and cases cited on p. 521. And if the act of 1862, which repealed the act of 1853, under which the estate of dower was as at common law, had stopped with *simply* a repeal of that act, we would have no hesitation in holding the plaintiff not entitled to dower. But the act of 1862, while it repealed that of 1853, enlarged the estate of dower from a life estate in one-third of the lands of the husband, to an estate in fee simple to such portion. The evident purpose of the legislature was, not to take away the widow's dower, but to enlarge it. It was a substitution of a fee simple estate for an estate for life. It was not intended to destroy the smaller estate, but to give a greater one. And, since the estate in fee simple includes within it the lower and inferior estate for life, the latter would be saved to the plaintiff as it existed under the law of 1853, in force when her husband conveyed the premises.

A different conclusion was reached by the supreme court of Indiana in *Strong* v. *Clem*, 12 Ind. 37, a case like the one before us in most of its facts. When the land was conveyed by the husband the law gave the widow dower as at common law. Prior to the time of his death the legislature expressly abolished the estate of dower, and provided that the widow should be entitled to one-third in fee simple. The court held that since the widow's inchoate right of dower had been taken away before it became vested by the death of her husband, and the legislature could not enlarge such inchoate estate beyond what it was at the time of alienation by the husband, she could not take under either law. This decision was followed in *Logan* v. *Walton*, 12 Ind. 637; *Giles* v. *Gullion*, 13 id. 487; *Krantz* v. *Harrow*, id. 507; *Strong* v. *Dennis*, id. 514; *Giles* v. *Law*, 14 id. 16; *Harrow* v. *Myers*, 29 id. 469.

But this holding seems never to have been satisfactory to the profession of that State, judging from the repeated efforts that were made to obtain a change of the decision; and the court, finally, in the case last cited, tacitly admit the error of the first decision, but say: "If the doctrine of those cases be admitted to be wrong, it is yet quite obvious that it has already accomplished most of the harm that ever can result from it, while a change now would sow a wide crop of serious evils to the injury of those who are innocent, and who have purchased and sold real estate upon the faith of the doctrine declared," etc.

There is this important distinction between the statutes of Indiana and those of this State in respect to this question. By the former the "estate of dower" as such was abolished by express statutory declaration, and one-third in fee-simple was given to the widow as her share in the real estate of her deceased husband. In this State, however, the same statute which repealed the statute of 1853, under which the widow took dower as at common law, gave to the widow a fee-simple estate of one-third *as an enlarged estate in dower*, for by the third section of the act (1862) it is declared that all the provisions of the act made in relation to the widow of a deceased

husband, shall be applicable to a husband of a deceased wife, and "each is entitled to the same *right of dower* in the estate of the other," etc. The act does not abolish or take away the estate of dower. It merely enlarges it from an estate for life to a fee simple. The estate of dower still exists as such, though enlarged in quantity, which clearly shows that it was not intended by the general assembly, in the passage of the act of 1862, to take away or destroy the inchoate right of dower as it existed under the prior law, but only to enact that, for the future, the estate of dower should consist of one-third in fee simple of the real estate in which the husband had during the marriage a legal or equitable interest, which had not been sold on execution or other judicial sale, to which the wife had made no relinquishment of her rights.

We unite in holding that the plaintiff is entitled to dower in the premises in controversy, according to the statute of 1853, consisting of a life estate in one-third thereof. The demurrer was improperly sustained, and the judgment will in each case be

Reversed.