## Mock v. Watson et al.

1. **Dower:** DEBTS OF THE ESTATE: WIDOW'S INTEREST. The interest of the widow in her deceased husband's real estate is not subject to the payment of his debts, and may be set apart without reference thereto.

    1. Her interest attaches upon the concurrence of seizin of the husband and coverture of the wife.

    2. It is not, like that of the heirs, made subject to the rights of others and to charges against the estate.

    3. Sections 2387, 2391 of the Code should be understood as referring to the interest of the estate, as distinguished from that of the wife, in the lands.

*Appeal from Monroe Circuit Court.*

THURSDAY, SEPTEMBER 23.

PLAINTIFF, who is the widow of John Mock, deceased, filed her petition in this case, setting out that her late husband died seized of certain lands described therein, and asking that her interest in such real estate, as the widow of decedent, be admeasured and set apart to her. In the petition defendants, who are heirs of deceased, answered setting up that the estate was indebted in a large sum, and no assets existed, other than the lands described in the petition, for the payment of such indebtedness. Upon this state of facts they objected to the relief asked in the petition, claiming that, under the law, plaintiff was not entitled to have her interest set off until the debts were paid, and that her portion could be assigned only from the real estate remaining undisposed of after all liabilities against the estate were fully satisfied. To this answer plaintiff interposed a motion, in the nature of a demurrer, asking that the parts of the answer containing the allegations and claim just stated be stricken out. It was sustained, and defendants standing upon their answer, plaintiff's interest in the land as the widow of the decedent was ordered to be admeasured and set apart to her. Defendant appeals.

*Perry & Townsend*, for appellants.

At common law the widow took her dower in one-third of the husband's real estate of which he died seized. It did not extend to an equitable estate. (*Maybury v. Brien*, 15 Pet., 21; *Hamilton v. Hughes*, J. J. Marsh, 581.) Under the Code the widow takes one-third of the real estate subject to the payment of the debts of the estate. (Code, Title XVI, Chap. 3, 4.) The widow's estate is no longer dower; it is her distributive share of her husband's estate. (Sec. 2441.) The section last cited provides that her right shall not be set apart to her in such manner as to prejudice the rights of creditors. Any person interested may controvert the widow's share after it has been admeasured to her. (Sec. 2450.) Sec. 2451 implies that she takes in subordination to the rights of creditors or debts of the estate.

The whole of the real estate may be sold to pay the debts of the estate. (Secs. 2387, 2389, 2391, 2396, 2397–8.) The executor or administrator may pay off the debts with the rents and profits, if the personal property is not sufficient.

*James Coen*, for appellee.

The distributive share of the widow possesses all the elements and qualities of dower, except as modified by Sec. 2440 of the Code. The right of the widow attaches to all real property possessed at any time during marriage. (Sec. 2440.) It is not in the power of the husband alone to defeat it by any act in the nature of an alienation or a charge. (Scribner on Dower, vol. 1, p. 576.) All charges or derivative interests created by the husband are voidable as to that part of the land which is recovered in dower. (Id., 577, Sec. 2.) The wife was entitled, under the Code of 1851, to one-third of all real estate upon the death of the husband, exempt from liability for debts. (*Ralston v. Ralston*, 3 G. Greene, 536.) The admeasurement of dower is contemplated by the statute, unincumbered by the debts of the decedent, since it may be made before the estate is finally settled. (Sec. 2444.) The

Mock v. Watson.

share of the widow may be set apart by the "parties interested," implying that the administrator and creditors are not necessary parties to the proceeding. (Sec. 2443.)

That exemption of the widow's share from liability for debts of the estate would work injustice to creditors cannot affect the proper construction of the statute. (3 Scammon, 153; 8 Johnson, 51.)

BECK, J.—The sole question presented by the record before us for our determination is this: Is the interest of a widow in the lands of her deceased husband subject to debts against the estate, or is it to be set apart before the payment of debts and held by her free therefrom?

The question involves the consideration and interpretation of certain statutory provisions. We can obtain no assistance DOWER : debts in reaching a conclusion upon the question from of the estate: widow's in- the books, as the rules and principles applicable terest. to the estate in dower are inapplicable here. Our statute expressly abolishes the estate of dower, and creates another estate to take its place. Code, § 2440. For the newly created estate the legislature has supplied no name. The widow takes "one-third in value of all the legal or equitable estates in real property, possessed by the husband at any time during the marriage, which have not been sold on execution, or any other judicial sale, and to which the wife has made no relinquishment of her right." § 2440. Though no name be given this estate, the profession, finding it inconvenient to speak or write about a thing without a name, will discover a fit term by which to designate it. The learned counsel in this case quite naturally unite in calling the statutory interest of a widow in the lands of her deceased husband an estate of dower. It is probably beyond the power of the legislature to change the language of the people, or to control the legal profession in the use of words. Before the statute in question, dower, as to the quantity and duration of the estate, as well as to other matters, was wholly regulated by statute. In these matters little, if any, change has been made affecting the estate of the widow, by the Code, further than the

attempted abolition of the use of the term dower, and the suspension of the application of certain principles peculiar to the estate of dower, to the newly created estate of the widow. Whatever effect the legislation abolishing the estate may have had upon the interpretation of the different provisions relating thereto, it is quite certain that the use of the word will not be dispensed with.

For a better understanding of the provisions of the statute bearing upon the question before us, we will quote them here in the order in which they are found in the Code:

"Sec. 2387. If the personal effects are found inadequate to satisfy such debts and charges [against the estate], a sufficient portion of the real estate may be sold for that purpose."

"Sec. 2391. When a part cannot be sold without material prejudice to the general interests of the estate, the court may order the sale for the whole, or of such parts as can be sold advantageously."

"Sec. 2440. One-third in value of all the legal or equitable estates in real property, possessed by the husband at any time during the marriage, which have not been sold on execution, or any other judicial sale, and to which the wife has made no relinquishment of her right, shall be set apart as her property in fee simple, if she survive him.    *    *    *    *    * The estates of dower and curtesy are hereby abolished."

"Sec. 2441. The distributive share of the widow shall be so set off as to include the ordinary dwelling house given by law to the homestead, or so much thereof as will be equal to the share allotted to her by the last section, unless she prefers a different arrangement. But no different arrangement shall be permitted where it would have the effect of prejudicing the rights of creditors."

Sec. 2444 provides that application for the admeasurement of the widow's interest "may be made at any time after twenty days and within ten years after the death of the husband.

"Sec. 2453. Subject to the rights and changes [charges] hereinbefore contemplated, the remaining estate of which the decedent died seized shall, in the absence of other arrangements by will, descend in equal shares to his children."

I. At common law upon the concurrence of seizin of lands in the husband and coverture of the wife, she acquired a right in such lands which was only defeated by her voluntary act or by her death. This right, until the death of her husband, was inchoate; upon that event, it became perfect and effective, developing into the estate of dower. We should have no trouble, were the interest of the widow in lands of her deceased husband under our code a dower estate, to determine that her interest attached upon coverture and ripened into an estate upon widowhood. But the estate of dower no longer exists here, and we are left to determine, by a construction of the several provisions above quoted, when her interest attached, whether upon her coverture or after the death of her husband. We shall find that in this respect the statutory and common law estate do not differ.

Code, section 2440, provides that the wife shall have her interest in lands "possessed by the husband at any time during the marriage," which have not been sold on execution, or to which she has made no relinquishment of her right.

Upon the death of the husband she may recover her interest in lands which he had conveyed without her relinquishment. Such lands would, however, be no part of the assets of the estate for the payment of debts; nor would they descend to the heirs. It is very plain that her interest in such lands attached before the husband's death—at the concurrence of seizin by the husband and coverture of the wife. The interest that then attached was beyond the husband's control, for his conveyance of the land did not, without her act, defeat her interest. If the wife's interest attached to lands which the husband subsequently alienated, it is evident that it attached equally to all lands of which he died seized. It could never have been the intention of the legislature to secure to the wife an interest in lands conveyed by the husband during her coverture and deny to her an interest in real estate of which he died seized. The conclusion is reached that under the statute the interest of the wife in this respect has the same character as the estate of dower, viz: it attaches upon the concurrence of seizin of the husband and coverture

of the wife. So far the legislature gained nothing and no change is made by abolishing the estate of dower. The attempt to abolish the use of the familiar word, heretofore used to designate the widow's estate in her husband's land, will probably fail.

In support of the conclusion we reach other considerations may be stated. One, only, will we mention. The interest of the wife is not, as that of the heirs by § 2453, made subject to the rights of others, and to charges against the estate. It is secured by absolute words and no conditions or limitations are affixed to it. These cannot be engrafted on the statute upon presumption of legislative intention.

II. Support for the views of appellants is sought in Secs. 2387, 2391, on the ground that they contemplate the sale of the whole of the lands of the estate when necessary to discharge debts established against it. As we have shown, the wife's interest upon its attaching was free of the husband's contol. It became no part of the estate upon the decease of the husband. The heirs and wife became tenants in common of the land. That interest in the real estate which was in the husband at his death—which did not vest in the wife, decended to the heirs subject to the payment of the debts of the estate. The wife's right, which was inchoate until the death of the husband, upon that event became consummate and ripened into a vested interest. The language of the sections under consideration must be understood as referring to the interest of the estate in the lands, i. e., that interest not vested in the wife. In that sense it simply permits or directs the sale of the entire interest of the estate of the husband in the lands.

III. It is also insisted that § 2441 affords support for defendants' position, in that it forbids an arrangement for the setting apart of the widow's interest which shall be prejudicial to the rights of creditors. It is claimed that her right is subordinate to theirs. But no such a conclusion is admissible. It simply forbids the widow receiving a greater interest in the real estate than that prescribed by law, namely, one-third in value of all the lands.

IV. Section 2451 provides that the value of the widow's interest may be paid her upon the sale of the lands in a proceeding to set apart her portion. It further provides that, "With any money thus paid to her the widow may procure a homestead, which shall be exempt from liability for all debts from which the former homestead would have been exempt in her hands." It is argued that if this legislation be necessary to protect the homestead thus acquired, the widow's interest, the value of which was invested therein, must have been subject to the debts of the husband. But a moment's consideration will make it appear that this section is intended to protect the homestead so acquired from the debts of the widow herself and not from the debts of her husband. Other arguments in support of the position of defendants need not be considered.

AFFIRMED.