KENDALL V. KENDALL ET AL.

1. **Homestead**: HUSBAND AND WIFE: CONVEYANCE. To defeat the conveyance of the homestead by the husband to the wife during his lifetime, and subject the homestead to the payment of debts of the estate, it must be shown that the conveyance was made after the indebtedness was contracted.

2. **Dower**: ENLARGEMENT OF ESTATE. Section 1, Chapter 151, Laws of 1862, did not abolish but enlarged the dower estate of the widow.

3. ———: CLAIMS OF CREDITORS. The widow is entitled, upon the death of the husband, to one-third of all his real estate which has not been sold upon execution or to which she has not relinquished her right, regardless of the claims of creditors against the estate. Following *Mock v. Watson*, 41 Iowa, 241.

*Appeal from Des Moines Circuit Court.*

THURSDAY, MARCH 23.

THE plaintiff petitions for dower of one-third in fee simple of all the lands of which her husband, R. C. Kendall, died seized. The appellants, A. C. Dodge and others, by leave of the court filed their petition of intervention, claiming that said Dodge recovered a judgment against the administrator of the estate of Kendall for $7,635.53, which was still unsatisfied, and that the other intervenors were creditors of the estate in certain stated sums. That in 1857 said R. C. Kendall purchased with his own means certain lots in Burlington, and he afterwards, in 1868, exchanged them for other property, which he occupied as a homestead at the time of his decease, which property is not included in that in which the widow in her petition claims dower. That this homestead with the improvements cost $9,000, and more than one-third of the entire real estate of which said Kendall died seized; that he caused this property to be conveyed to his wife, who has since his death continued to occupy it as a homestead, and that he died in 1869. That the personal estate is exhausted, and that the real estate should be sold free of dower to pay the debts.

Eliza Kendall, widow, demurred to this petition of inter-

vention, and as cause states "that the matters pleaded in said petition are no bar or defense to the claim of the widow for dower." Demurrer sustained and judgment rendered, and the intervenors except and appeal.

*P. H. Smyth, B. J. Hall* and *T. Hedge, Jr.,* for appellants.

The widow cannot take the bulk of the property as a homestead and then claim dower in the residue. (*Meyer v. Meyer,* 23 Iowa, 360.) The wife is entitled to one-third in fee of all the real estate not necessary to be sold on execution to pay debts of the estate. (Session Laws of 1862, p. 174.)

*W. E. Blake,* for appellee.

The common law of dower is fundamental. (*O'Ferrall v. Simplot,* 4 Iowa, 381.) The right of dower having once attached, it cannot be divested by the husband, or affected by his bankruptcy or conveyance. (1 Scribner on Dower, 576.) It can only be divested by her own voluntary act. (*Nicoll v. Ogden,* 29 Ill., 386.) If the husband alone executes a mortgage, a foreclosure thereof does not bar dower in the widow. (*Lewis v. Smith,* 5 Seld., 502; Tyler on Infancy and Coverture, § 405.) Creditors have no right to the aid of the wife's dower for the payment of their debts. (*Keckley v. Keckley,* 2 Hill Ch., 252.) Courts will protect an inchoate right of dower. (*Denton v. Manny,* 8 Barb., 618; *Vartie v. Underwood,* 18 Barb., 562.) The title of the widow is paramount to all obligations contracted by the husband alone during coverture. (2 Scribner on Dower, 724.)

ROTHROCK, J.—No objection is made to the right of the creditors to intervene. The appellants in argument claim that the widow is not entitled to dower for two reasons:

1. "She got the bulk of her husband's estate as a homestead," and 2. "Under our statute the widow is not entitled to dower, till the debts of the husband are paid."

I. In regard to the first point it is a sufficient answer

thereto, that while it is true the petition alleges that the home-
stead was purchased with the husband's means,
it does not state that when conveyance was made
to the wife he was indebted, in any amount, to
the intervenors or to others. At his death it was her separate
estate, and is no part of the husband's estate, to which she is
entitled to dower.

*1. HOMESTEAD: husband and wife: conveyance.*

II. The husband died in 1869, and the right of the widow
to dower is measured by section 1, acts of 1862, chapter 151.
The language of the statute is, " one-third in value of all the
real estate in which the husband at any time during the mar-
riage had a legal or equitable interest, which has not been
sold on execution or other judicial sale, to which the wife has
made no relinquishment of her right, shall under the direction
of the court be set apart by the executor, administrator or
heir, as her property, in fee simple, if she survive him."

It is claimed that this is not a dower right, but that it
repeals the common law dower of a life estate, and placed
the widow on the same footing as the heirs, making her one-
third subject to the payment of debts.

We are of the opinion that the above provision merely
enlarged the dower estate of the widow, and that it did not
abolish dower. *Moore v. Kent et al.*, 37 Iowa,
20. Section 3 of the act of 1862 provides, that
" each (husband and wife) is entitled to the same *right* of
*dower* in the estate of the other," thus recognizing the share
allotted to the widow as dower.

*2. DOWER: enlargement of estate.*

In *Mock v. Watson et al.*, 41 Iowa, 241, this court held,
that under the present law the widow is entitled to one-third
in fee, regardless of the claims of creditors. Sec-
tion 2440 of the Code, and section 1 of the act of
1862, are substantially the same so far as they fix the estate
of the widow; in the former, however, the estate of dower is
expressly abolished, while as we have seen the latter in the
third section recognizes it as still existing and only enlarged.
We are content with the decision in the case last above cited,
and the judgment of the court below will be

*3. ——: claims of creditors.*

AFFIRMED.