Whitehead v. Conklin.

WHITEHEAD v. CONKLIN ET AL.

1. **Dower:** HOMESTEAD. Upon the death of her husband the widow is entitled, at her election, to retain the homestead in lieu of so much of her distributive share, or to have her distributive share so assigned as to include the homestead; but she is not entitled to the homestead and dower in the remainder of the estate.

*Appeal from Lyon Circuit Court.*

THURSDAY, JUNE 6.

THE petition of plaintiff alleges that her husband, D. C. Whitehead, died seized of certain described real estate; that out of said premises plaintiff selected and caused to be surveyed and platted her homestead. Plaintiff claims a homestead interest for herself and family in the real estate so selected, and her dower interest in the remainder of the estate of her late husband. The petition asks that an order be made for the admeasurement of plaintiff's dower in said lands, except that portion claimed as her homestead. Certain of the defendants, who are creditors of the estate of D. C. Whitehead, deceased, answered, denying that the widow is entitled to a dower and homestead interest in the estate. The court ordered that the distributive share of the widow be so set off as to include the homestead. The plaintiff appeals.

*Joy & Wright,* for appellant.

*Thompson Bros.,* for appellees.

DAY J.—The position of appellant we understand to be that the widow is entitled to possess and occupy for life the property selected by her as a homestead, and that, in addition thereto, she is entitled to have one-third part of the remainder of the estate of which her husband died seized set off to her as her distributive share in

1. DOWER: homestead.

fee. In other words, that if the husband dies seized of one hundred and sixty acres of land, the widow may use and occupy one forty of it as a homestead, and have another forty, or one-third part in value of the remainder, assigned to her as her distributive share in fee.

Sections 2440 and 2441 of the Code are as follows: "One-third in value of all the legal and equitable estates in real property, possessed by the husband at any time during the marriage, which have not been sold on execution or any other judicial sale, and to which the wife has made no relinquishment of her right, shall be set apart as her property, in fee simple, if she survive him. The distributive share of the widow shall be so set off as to include the ordinary dwelling-house given by law to the homestead, or so much thereof as will be equal to the share allotted to her by the last section, unless she prefers a different arrangement. But no different arrangement shall be permitted where it would have the effect of prejudicing the rights of creditors."

Sections 2007 and 2008 are as follows: "Upon the death of either husband or wife the survivor may continue to possess and occupy the whole homestead, until it is otherwise disposed of according to law. The setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a disposal of the homestead as is contemplated in the preceding section. But the survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deceased; but if there be no such survivor, the homestead descends to the issue of either husband or wife, according to the rules of descent, unless otherwise directed by will, and is to be held by such issue exempt from any antecedent debts of their parents, or their own."

These provisions, we think, are inconsistent with appellant's position. Suppose the husband dies seized of one hundred and sixty acres of land, and indebted to its full value. The widow is entitled to her distributive share, without reference to the debts of the husband. *Mock v. Watson*, 41 Iowa,

241. If appellant's position be correct, the widow would be entitled to occupy and possess forty acres thereof, as her homestead, which would descend to her issue exempt from any antecedent debts of herself or her husband. Code, §§ 2007, 2008. In addition thereto she could have set off to her, as her distributive share in fee, one-third part in value of the remaining one hundred and twenty acres, which also would descend to her issue exempt from her husband's debts. Such a construction would, as we think, be utterly inconsistent with section 2441 of the Code, which provides that the distributive share must be so set off as to include the ordinary dwelling-house given by law to the homestead, when a different arrangement would have the effect of prejudicing creditors.

Section 2008 of the Code provides that the setting off of the distributive share of the husband or wife in the real estate of the deceased shall be a disposal of the homestead, but the survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deceased. This clearly indicates that the homestead cannot be held in addition to the distributive share. See *Butterfield v. Wicks*, 44 Iowa, 310; *Meyer v. Meyer*, 23 Id., 359. The plaintiff was entitled to her election to retain the homestead for life, in lieu of so much of her distributive share, or to have her distributive share so assigned as to include the homestead. Code, §§ 2008, 2441. The court ordered her distributive share to be assigned so as to include the homestead. It does not appear that plaintiff offered to make any election, for she prosecuted this action upon the theory that she was entitled to her homestead, and dower in the remainder of the estate. While, therefore, plaintiff is entitled to have the cause reversed, in order that she may, if she so desire, elect to take her homestead for life, in lieu of so much of her distributive share, she should pay the costs of this appeal.

At the cost of appellant, the cause is    .

REVERSED.