PARKER v. SMALL ET AL.

1. **Dower**: ASSIGNMENT OF: STATUTE GOVERNING. The assignment of a wife's dower in the lands of her husband must be governed by the laws in force at the time of his death.

*Appeal from Warren Circuit Court.*

THURSDAY, APRIL 21.

THE plaintiff alleged in her petition that she was lawfully married to William Bradford before the year 1860, and re-mained his wife until his death, on the 14th day of July, 1869; that during the time of their marriage William Brad-ford owned certain land in the petition described, and plain-tiff at no time made any relinquishment of her right therein; that said land was sold under execution, on the 7th day of April, 1862. The plaintiff prays that a life estate in one-third in value in said real estate be set apart to her as her dower there-in. The defendants filed a demurrer to this petition, which was sustained, and the petition was dismissed at the plaintiff's cost. The plaintiff appeals.

*J. S. McKinney*, for appellant.

*Todhunter & Hartman*, for appellees.

DAY, J.—At the time of the death of the husband, July 14th, 1869, the law of dower was as follows: "One-third in value of all the real estate in which the husband at any time during the marriage had a legal or equitable interest, which has not been sold on ex-ecution or other judicial sale, to which the wife has made no relinquishment of her right, shall, under the direction of the court, be set apart by the executor, administrator or heir, as

1. DOWER: assignment of: statute governing.

her property in fee simple, on the death of the husband, if she survive him." Chapter 151, laws Ninth General Assembly, section 1; Code, section 2440. The plaintiff is not entitled to dower under this provision, for the land was sold under execution during the lifetime of the husband. The plaintiff claims, however, that she is entitled to dower under section 2477, of the Revision, which was in force at the date of the execution sale, and is as follows: " One-third in value of all the real estate in which the husband at any time during the marriage had a legal or equitable interest, and to which the wife has made no relinquishment of her rights, shall, under the direction of the court, be set apart by the executor as her property in dower upon the death of the husband, if she survive him. Said estate in dower to be and remain the same as at common law."

The exact question here presented was raised and determined adversely to the position of the plaintiff in *Lucas v. Sawyer*, 17 Iowa, 517. In that case, as in this, the execution sale occurred when the common law rule of dower obtained. At the time of the husband's death section 1394 of the Code of 1851 was in force, which is substantially the same as section 2440 of the Code of 1873. It was held that the widow was not entitled to dower in the property sold under execution, and that her dower must be admeasured by the law in force at the time of the husband's death. This case is decisive of the present controversy. See, also, *Sturdevant v. Norris*, 30 Iowa, 65. The plaintiff relies upon *Moore v. Kent*, 37 Iowa, 20. That case simply holds that after property has been aliened by the husband, the wife not joining in the conveyance, the dower cannot be enlarged as against the grantee of the husband, and that the dower must be assigned under the law in force at the time of the alienation. It is apparent that this case falls under a principle entirely different from *Lucas v. Sawyer*, and *Sturdevant v. Norris*, *supra*. The opinion in *Moore v. Kent* refers to these two cases, and recognizes their soundness. The demurrer was properly sustained.

AFFIRMED.