Smith v. Zuckmeyer.

SMITH v. ZUCKMEYER.

1. **Dower:** LIMITED TO ONE-THIRD INTEREST. The dower interest, or distributive share, of a surviving husband or wife in the lands of a decedent, and which is held free from the debts of such decedent, is limited in all cases to one-third; where a decedent intestate leaves no children, and the surviving husband or wife becomes entitled to one-half the estate, under section 2455 of the Code, one-third is held as such dower interest, and the remaining one-sixth as heir at law.

2. ——: ——: RULE APPLIED. Where a wife died without issue, seized of a homestead, which the husband elected to occupy during life in lieu of his distributive share, it was held that the share thus relinquished was a one-third interest only, and that upon his abandonment of the homestead he was entitled to one-sixth of the estate as heir at law.

*Appeal from Winneshiek Circuit Court.*

MONDAY, DECEMBER 15.

SARAH B. EATON was the owner in fee of certain real estate in the city of Decorah, less than one-half acre in extent. She died intestate and without issue, on the 21st day of February, 1876, leaving her husband and her two sisters as her heirs. Her father and mother were dead, and she never had any other sisters nor any brother. For ten years before her death she and her husband, H. H. Eaton, used and occupied the said premises as their homestead. After her death the said H. H. Eaton continued to occupy the said real estate as a homestead, and under a claim of homestead right therein as against the creditors of his wife, his own creditors, and all other persons, he elected to retain the said homestead for life. On the 31st day of March, 1877, he executed and delivered to the defendant herein a quit-claim deed for said premises, and at that time abandoned the same as a homestead. On the 30th day of March, 1878, the two surviving sisters of Sarah B. Eaton executed and delivered to the plaintiff herein a quit-claim deed for said premises.

The cause was submitted to the court below upon the fore-

going agreed facts, and the question to be determined was, the right of the respective parties in the said real estate. The court determined that the plaintiff was the owner in fee, and the defendant appeals.

*Willett & Willett*, for appellant.

*E. E. Cooley*, for appellee.

ROTHROCK, J.—It is provided by section 2008 of the Code that "the setting off of the distributive share of the husband or wife, in the real estate of the deceased, shall be such a disposal of the homestead as is contemplated in the preceding section. But the survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deceased * * * * ." H. H. Eaton, the surviving husband, elected to retain the homestead in lieu of his distributive share. Having thus elected, his distributive share, whatever that may have been, was relinquished. He could not have both. *Butterfield v. Wicks*, 44 Iowa, 310; *Meyer v. Meyer*, 23 Iowa, 359. In *Butterfield v. Wicks*, it was held that such occupancy of the homestead was a mere personal right, which could not be the subject of a mortgage, because upon a foreclosure of the mortgage and eviction of the mortgagor the homestead right would cease, and the property would pass unincumbered to the heir. For the same reason a conveyance by deed and a surrender of the possession would confer no valuable right. The homestead right would cease by abandonment. See *Smith v. Eaton*, 50 Iowa, 488. What is the distributive share which was thus surrendered for the homestead, is the question to be determined. Its definition is found in the following sections of the Code:

1. DOWER: limited to one-third interest.

"SEC. 2440. One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, which has not been sold on execution, or any other judicial sale, and to which the wife has made no

relinquishment of her right, shall be set apart as her property in fee simple, if she survive him. The same share of real estate of a deceased wife shall be set apart to the surviving husband   *   *   *   *.

"Sec. 2441. The distributive share of the widow shall be so set off as to include the ordinary dwelling-house given by law to the homestead, or so much thereof as will be equal to the share allotted to her by the last section, unless she prefers a different arrangement."

There would be no difficulty whatever in determining the question if the deceased wife left issue surviving her. In that case the husband's whole interest in the estate would have been one-third, as provided in section 2440, and section 2008 provides in plain and explicit terms that the survivor may elect to retain the homestead for life in lieu of such share. But where there is no surviving issue, there are other sections of the statute which seem to us to have an important bearing upon the question. After providing the manner in which the distributive share or "widow's share" shall be set off to her, and that such share shall not be affected by any will of her husband, unless she consents thereto, section 2453 provides as follows: "Subject to the rights and charges hereinafter contemplated, the remaining estate of which the decedent died seized shall, in the absence of other arrangements by will, descend in equal shares to his children." Sec. 2455. "If the intestate leave no issue, the one-half of his estate shall go to his parents and the other half to his wife."   *   *   *   *. In *Burns v. Keas*, 21 Iowa, 257, it was held that upon the death of the wife, without issue, the husband is entitled to but one-half of her entire estate, for dower and as heir at law. That case arose under section 2495 of the Revision of 1860, which was identical with section 2455 of the Code. The effect of the rule is that in determining the share of the husband under section 2455 the one-third or distributive share, or dower interest, must first be taken out, and to that must be added

such a fraction of the residue as would make one-half, which would be one-sixth. It would seem that the "distributive share," or "widow's share," is plainly described in sections 2440 and 2441, as the one-third. But if this were not enough the other provisions of the statute indicate that one-third is such share. The widow holds the one-third exempt from the debts of the husband. *Mock v. Watson*, 41 Iowa, 241; *Kendall v. Kendall*, 42 Iowa, 464. Her right to one-third cannot be affected by any will of the husband. Code, section 2452. It shall be so set off as to include the ordinary dwelling-house unless she prefers a different arrangement, but no such arrangement shall be permitted to the prejudice of creditors. Section 2441. It attaches to all real estate of the husband possessed at any time during marriage, which has not been sold on execution or any other judicial sale, and to which she has made no relinquishment of her right. Section 2440. These and other characteristics of the "widow's share" are applicable to the one-third of the estate and no more. . All, excepting this one-third, the husband can dispose of by will, and it is liable for his debts, and the debts of the wife, without being set off and assigned to her. Whatever is inherited over and above one-third is taken and held as an heir at law under section 2455.

It seems to us to be clear that when the husband in this case elected to hold the property as a homestead he gave up and surrendered the one-third of the estate to which he was entitled under section 2440, and no more; and that when he abandoned the homestead his right to the one-sixth of the property remained, and that he could lawfully convey the same, and invest his grantee with a good title thereto. The judgment of the court below will be modified accordingly.

MODIFIED AND AFFIRMED.