McDonald v. McDonald.

McDONALD v. McDONALD *et al.*

Estates of Decedents:  WIDOW'S SHARE OF REAL ESTATE:  HOMESTEAD OR DISTRIBUTIVE SHARE : ELECTION OF HOMESTEAD BY OCCUPANCY.   Upon the death of the husband, the wife has the election either to occupy and enjoy the homestead for life, or to take a distributive share of one-third in fee-simple of the real estate of which the husband was seized at his death.   She cannot take both, but she may elect which she will take ; and until the distributive share is set apart, she, by occupying the homestead, must be regarded as having elected to take it ; so that a mortgage made by her while occupying it, upon the undivided one-third of her husband's real estate, does not create a valid charge upon the same as against the heirs in an action for partition..  (See opinion for statutes construed, and for cases distinguished and followed.)

*Appeal from Shelby District Court.*—HON. H. E. DEEMER, Judge.

FILED, OCTOBER 30, 1888.

ACTION for the partition of real estate, and to set aside a mortgage.    The relief asked was granted, and the defendant Bitzer appeals.

*J. Carskadden, C. F. Garlock* and *Beard & Myerly,* for appellant.

*Smith & Cullison* and *John Ledwich,* for appellee.

SEEVERS, C. J.—In 1881, Thomas McDonald died, owning 560 acres of land, and forty acres thereof constituted his homestead at the time he deceased.   He left surviving him four children, and the defendant Mary T. McDonald, his widow.   The plaintiff, as one of said children, seeks to obtain partition of the real estate ; and

her two brothers, sister and mother are made defendants. The claim of the plaintiff is that she and the other children are each entitled to the undivided one-fourth of the real estate, subject to the homestead right of Mary T. McDonald, widow of said Thomas. The said Mary, since the death of her husband, has continued to occupy and enjoy the homestead. It is true, she left it for a brief period, for the purpose of sending her children to school, but it cannot be said that she abandoned it by so doing. Subsequent to the death of her husband, Mrs. McDonald became indebted to W. B. Sprague in the sum of $2,500, and in 1884 she executed a mortgage to Sprague to secure such indebtedness on the undivided one-third of all the land of which her husband died seized. This mortgage, and the indebtedness secured thereby, became the property of the appellant, and he caused the mortgage to be foreclosed, and the premises described therein sold under the judgment of foreclosure, and he became the purchaser thereof, and the same has been conveyed to him by the sheriff, and thereunder the appellant claims that the premises described in the mortgage belong to him. The only person made defendant in the foreclosure proceeding was Mary T. McDonald. The plaintiff claims that, as Mrs. McDonald continued to occupy the homestead, she, in substance, elected to take it instead of her distributive share, or that such is the effect of such occupation, inasmuch as she has not elected to take, or had her distributive share set apart, for the reason that she cannot take both such share and the homestead. In other words, the claim of the plaintiff is that Mrs. McDonald must take one or the other, and that she is not entitled to both. The appellant claims that the distributive share of her husband's real estate vested absolutely in Mrs. McDonald in fee-simple at his death, or, if not, the mortgage shows an election on her part to take such share, and amounts to an abandonment of her homestead right. It is provided by statute that "one-third in value of the real property of which a husband dies seized shall be set apart to his widow as her property in fee-simple. Such share shall

be so set off as to include the ordinary dwelling-house given by law to the homestead." Code, secs. 2440, 2441. "Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until otherwise disposed of according to law." Code, sec. 2007. "The setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a disposal of the homestead as is contemplated in the preceding section. But the survivor may elect to retain the homestead for life, in lieu of such share in the real estate of the deceased." Code, sec. 2008.

In support of the proposition that a distributive share of the real estate vested absolutely in the widow, without action on her part, upon the death of her husband, counsel cite and rely on *Mock v. Watson*, 41 Iowa, 245; *Kendall v. Kendall*, 42 Iowa, 464; *Hoskins v. Hoskins*, 43 Iowa, 453; *Smith v. Zuckmeyer*, 53 Iowa, 17; *Linton v. Crosby*, 54 Iowa, 478; *Potter v. Worley*, 57 Iowa, 67. That language will be found in one or more of the opinions in the cited cases which has a tendency to sustain the position of counsel will be conceded. Such language, however, was used in the discussion of questions materially different from the one before us, and must necessarily be limited and restrained by the question before the court at the time. An examination of the cited cases will show that in none of them was the homestead of a surviving widow or husband involved; therefore they cannot be regarded as precedents which must be followed in this case. Upon the death of her husband two rights in and to the real estate of which her husband died seized vest in the widow. One is to occupy and enjoy the homestead for life; and the other, to take a distributive share of one-third in fee-simple of such real estate. She cannot take both, but she can elect which she will take. Therefore it is not strictly correct to say that either right or estate vests in her absolutely upon the death of her husband. If one does, so does the other, and either will be divested when an election is made. In support of the position maintained

by them, counsel for the appellee cite and rely on *Butterfield v. Wicks*, 44 Iowa, 310 ; *Whitehead v. Conklin*, 48 Iowa, 478 ; *Burdick v. Kent*, 52 Iowa, 583 ; *Holbrook v. Perry*, 66 Iowa, 286 ; *Darrah v. Cunningham*, 72 Iowa, 123 ; *Mobley v. Mobley*, 73 Iowa, 654 ; and *Thomas v. Thomas*, 73 Iowa, 657. In all of these cases the question involved and determined embraced the homestead right of a surviving husband or wife, and the logical deduction to be drawn therefrom is that, when the surviving husband or wife continues to occupy and enjoy the homestead, this must be regarded, as long as he or she does so without having his or her distributive share set apart, as an election to take the homestead in lieu of a distributive share. Some certain and definite rule should be adopted, and we think the better construction of the statute is that until the distributive share is set apart, the surviving husband or wife, by occupying the homestead, must be regarded as having elected to take it. It follows, therefore, as Mrs. McDonald was occupying the homestead at the time the mortgage was executed, that the latter did not create a valid charge on the same. It is said that in all the cases last cited no other property than the homestead was involved, and therefore this case is distinguishable, but this is a mistake. In *Darrah v. Cunningham*, fifty-eight acres of land were involved. It is also insisted that the execution of the mortgage should be regarded as an election by Mrs. McDonald. As against her the full force of this argument is conceded, but the plaintiff and other heirs are not estopped from asserting their rights as heirs of the deceased. The judgment of the district court is

AFFIRMED.