SARAH E. STRONG, Appellant, v. A. GARRETT *et al.*

Homestead: WHEN SUBJECT TO EXECUTION. A widow with children elects to retain the homestead for life, in lieu of her distributive share in the real estate of her late husband. One child dies and its portion in the fee of the homestead descends to the mother. *Held,* that such portion may be sold on execution against the mother. GRANGER, C. J., *dissenting.*

Merger. The portion inherited from the deceased child does not merge in the mother's life estate.

*Appeal from Louisa District Court.*—HON. DAVID RYAN, Judge.

TUESDAY, JANUARY 30, 1894.

ACTION in equity to set aside a sheriff's sale of real estate, and to enjoin the execution of a sheriff's deed. A demurrer to the petition was sustained, and, plaintiff electing to stand on her petition, judgment was rendered in favor of the defendants for costs. The plaintiff appeals.—*Affirmed.*

*Newman & Blake* and *Fred Courts* for appellant.

*John Hale* for appellees.

ROBINSON, J.—The material facts alleged in the petition and admitted by the demurrer are substantially as follows: Plaintiff is the widow of R. S. Strong, who died in the year 1875. During his lifetime he became the owner of the northwest quarter of the northeast quarter of section 8, township 73, range 2, in Louisa county, and he and the plaintiff occupied it as their homestead until his death occurred, in 1875. In December of that year, the plaintiff, as the widow of decedent, elected to retain the premises described as a homestead, for life, and, on her application, an order that she so retain it was made by the circuit court of Louisa county. Since that time, she, with the children of her late husband, have continuously occupied the premises as a homestead. Seven children of the deceased survived him, and were the owners in fee of the premises, subject to the right of plaintiff to possess and occupy it during life. In December, 1881, one of the daughters of decedent died, unmarried, leaving as her sole heir the plaintiff. In April, 1880,

the defendant A. Garrett obtained a judgment against the plaintiff in the district court of Louisa county, and afterward caused an execution issued thereon to be levied upon an undivided one seventh of the premises described, subject to her homestead rights, as the interest she had acquired from the deceased heir of her late husband. The interest so levied upon was sold in December, 1890, to the judgment creditor, for a portion of the amount due on the judgment, and a certificate of purchase was issued to him. The indebtedness on which the judgment was rendered was contracted after the premises in question were occupied by plaintiff and her husband as a homestead. This action is brought against Garrett and the sheriff to set aside the sale, and to restrain the sheriff from executing a deed thereunder.

The question we are required to determine is, whether the interest in the premises which plaintiff acquired by the death of her daughter was subject to sale under the judgment described. The plaintiff rightly claims that the judgment was not a lien upon her homestead right, and she contends that the undivided one seventh of the premises in fee was merged in her homestead right, and thus became exempt from the lien of the judgment, and from the execution to satisfy it. A merger occurs when a greater estate and a less coincide and meet in one and the same person without any intermediate estate. In such a case the less is merged in the greater estate, not the greater in the less. An estate for years or for life would be merged in an estate in fee; and, as a general rule, the different estates must be held in the same legal right. 2 Bouv. Law Dict., tit. "Merger;" 4 Kent, Comm. [10 Ed.], 114; 15 Am. and Eng. Encyclopedia of Law, 313, and authorities therein cited. In 4 Kent, Comm., 116, it is said of the merger of estates: "If they are held in different legal rights, there will be no merger,

provided one of the estates be an accession to the other merely by the act of law, as by marriage, by decent, by executorship or intestacy. This exception is allowed on the just principle that, as merger is the annihilation of one estate in another by the conclusion of law, the law will not allow it to take place to the prejudice of creditors, infants, legatees, husbands or wives.'' Under the rules cited the only merger which could have occurred in this case under any permissible view of the law, is that of the homestead right in the estate in fee to an undivided one seventh of the premises described. That such a merger would not have been for the interest of plaintiff is apparent, unless the estate remaining would be exempt from sale under the judgment in controversy. Upon the death of the husband or wife in whom the legal title to a homestead is vested, the title thereto descends to the heirs of the decedent, subject to the rights of the survivor. *Cotton v. Wood*, 25 Iowa, 48; *Burns v. Keas*, 21 Iowa, 257. Where the survivor elects to retain the homestead for life in lieu of his distributive share in the real estate of the intestate, who, in this case, left children surviving, the interest of such survivor in the homested is thereby limited to the right to use and occupy it during his lifetime. *Smith v. Zuckmeyer*, 53 Iowa, 14, 3 N. W. Rep. 782; *Whitehead v. Conklin*, 48 Iowa, 478. In such a case there are two estates in the homestead— one for life in the survivor, and one in fee in the heirs, subject to the life estate. The title in the heirs is vested, although without the right of immediate possession, and may be alienated by them. Judgments in the supreme and district courts of this state are liens upon the real estate owned by the defendant at the time of such rendition, and also upon all he may subsequently acquire, for the period of ten years from the date of the judgment. Code, section 2882. In construing the statutes of this state "the word 'land,' and

phrases 'real estate' and 'real property,' include lands, tenements, hereditaments, and all legal rights thereto, and interests therein, equitable as well as legal." *Id.*, section 45, subdivision 8. Under these provisions the interests of heirs not in possession, but in whom the title to real estate is vested, may be seized and sold under execution. See 1 Freem. Ex'ns, sections 178, 183; *Moore v. Littel*, 41 N. Y. 66; *Woodgate v. Fleet*, 44 N. Y. 1; *Dodge v. Stevens*, 105 N. Y. 588, 12 N. E. Rep. 759; *Arzbacher v. Mayer*, 53 Wis. 388, 10 N. W. Rep. 440. It is the policy of our law not to exempt homesteads from sale on execution to satisfy debts contracted before the homesteads were acquired. Code, section 1992. The interest derived by plaintiff from her deceased daughter was subject to execution while owned by the daughter, and was not merged in the estate already possessed by the plaintiff, but remains saparate and distinct. It is not essential to the homestead right, but may be transferred without in any manner affecting it. A sheriff's deed, issued pursuant to the sale in question, will give to the grantee no right of possession until the life estate of plaintiff shall have been terminated. There is no reason in the policy of the law for holding the interest in question to be exempt, and we conclude that it was subject to this sale which has been made. It follows that the demurrer was properly sustained, and that the judgment of the district court must be AFFIRMED.

GRANGER, C. J. (*dissenting*).—I am not able to concur in either the reasoning or conclusion of the majority opinion. I make no contention with the rule announced as to the merger of estates generally. I do not, however, think it of vital importance in this case. I regard the question involved as a purely statutory one. The homestead right, even though it may be regarded as an estate in legal contemplation, is of that

peculiar kind which exists rather as incidental to, than independent of, other estates. An estate in fee for life or for years may be invested with a homestead character by the manner of its use, and the homestead character is lost when the use is abandoned, although the estate to which it attached continues. While the homestead right obtains, the law treats the entire estate vested in the head of the family as the homestead, and protects it in all respect from judicial sale. This protection extends to the legal title. By Code, section 1988, it is provided: "Where there is no special declaration to the contrary, the homestead of every family, whether owned by the husband or wife, is exempt from judicial sale." This exemption, as I have said, extends to the entire estate of the head of a family to whom the homestead right is given. The statute does not exempt from such a sale the mere right of homestead occupancy, but the homestead. No one would contend for a different rule in the ordinary case of homestead occupancy. The true import of the majority opinion will best be seen and understood by extending the rule of it so that the consequences will be more apparent; and it is from such a standpoint that we may properly consider it. Let us suppose that Strong had left but the one child, so that, instead of one seventh, it would have taken the entire title to the homestead. Upon the death of that child the title and homestead right would have vested in the wife or widow. By the rule of the majority opinion, the homestead, except the mere right of occupancy, could be sold at judicial sale. It could not have been done when the homestead right and title united in the husband, because of the statute exempting the homestead from judicial sale. Why not exempt it when such title and right unite in the wife? If we abide by the statute, we must hold it exempt from such sale, unless there is a "special declaration to the contrary."

The statute contains some such declarations as that homesteads may be sold for debts contracted prior to the purchase thereof. Code, section 1992. But such a sale is of the homestead, and not of the mere legal title. It is also specially provided that homesteads may be sold for debts created by written contract, etc. *Id.*, section 1993. Nowhere do I find a declaration of the statute that the fee title may be sold at judicial sale where it is owned by the husband or wife having a homestead right therein that is protected. The title to this land has at all times been protected from judicial sale because of the homestead right in the head of the family. It was thus protected, while in the daughter, as to antecedent debts, and comes to the wife unaffected by any attaching interests. Had the title passed with the homestead right directly from the husband to the wife by devise or by operation of law, I do not think there would be a doubt that the homestead would be protected to her as the head of a family, as it was in him. The only distinction is that in this case the course of the legal title has been less direct, but not in a way to induce different consequences. I think that the title in the wife should be protected.