BRIDGET PURCELL, Appellant, v. CHARLES LANG, *et al.*

**Dower.** A wife is entitled to dower in land alienated by her husband, in the deed of which she did not join, according to the law in force at the time of such alienation, notwithstanding his death takes place after the passage of Iowa Code, 1873, section 2440, declaring estates of dower and courtesy abolished, and giving the surviving spouse a fee-simple interest in one-third of the estate of the deceased, as such act merely abolishes the use of the words "dower" and "courtesy," as descriptive of the enlarged estate.

*Appeal from Howard District Court.* — HON. A. N. HOBSON, Judge.

FRIDAY, APRIL 10, 1896.

ACTION to set apart dower. Demurrer to plaintiff's petition sustained, and she appeals. — *Reversed.*

*H. T. Reed* for appellant.

*Barker & Upton* for appellees.

KINNE, J.—I. Plaintiff and Joseph Purcell were married in the year 1855, and lived together as husband and wife until the husband's death. April 20, 1857, said Joseph Purcell entered and purchased from the government of the United States, one hundred and sixty acres of land lying in Howard county, Iowa. In May, of the same year, said Joseph Purcell, husband of plaintiff, conveyed said land by deed to one Langworthy, which deed was duly filed for record and recorded. Plaintiff never signed said deed, nor in any manner relinquished her interest, as the wife

of said Joseph Purcell, in and to said land. The land was not sold upon execution or other judicial sale against the husband. Joseph Purcell, the husband of plaintiff, died intestate in Howard county, Iowa, in 1889, leaving plaintiff, his widow, surviving him. She now claims to be the owner of an undivided one-third interest in said land, and asks that it be set apart to her. Defendants claim to own said land under title derived by sundry conveyances from and under said Langworthy. To a petition, which set forth the foregoing facts, defendants demurred on the ground that the facts stated did not entitle the plaintiff to the relief demanded. The district court sustained the demurrer, and, plaintiff electing to stand upon her petition, judgment was entered dismissing it; and against her for costs.

II. The only question presented by this record is this: Is the widow entitled to recover an interest or share in the lands of her deceased husband, owned during coverture, but conveyed by him in 1857, and in which she has made no relinquishment of her right, and which has not been sold on execution or other judicial sale, the husband having died since the enactment of section 2440, of the Code? It is conceded that, if appellant is entitled to dower, it is to be governed by the law in force at the time of the execution of the deed by the husband to Langworthy. *Young v. Wolcott*, 1 Iowa, 175; *Davis v. O'Farrall*, 4 G. Greene, 168; *Moore v. Kent*, 37 Iowa, 22; *Kendall v. Kendall*, 42 Iowa, 466. As has been said, the conveyance by plaintiff's husband was made in 1857, and at that time chapter 61, of the Acts of the Fourth General Assembly was in force. That chapter repealed section 1394, of the Code of 1851, and provided that "said estate in dower be and remain the same as at common law." Section 3, of the same chapter, expressly abolished the estate by courtesy. If, then, plaintiff has a right to dower,

she is entitled to recover an estate for life in one-third value of the land thus conveyed. Prior to the enactment of the Code of 1873, the law relating to dower had frequently been changed in this state. In 1839 it was given according to the course of the common law. In 1851 it was enlarged to an estate in fee-simple. In 1852 the provision of the Code of 1851 was repealed, and common law dower restored. In the revision of 1860, the same provisions were retained. In 1862 it was again enlarged to a fee-simple estate, and in the Code of 1873, it is fixed at a fee-simple estate. In the Code of 1851, in the act of 1852, in the revision of 1860, and in the act of 1862, are provisions abolishing the estate by courtesy, and making all provisions of the law relating to the widow of a deceased husband applicable to the husband of a deceased wife. Under the changes thus made the question has arisen in several cases as to the rights of a widow in the lands of her deceased husband which were conveyed by him alone prior to 1851, and when he died after the enactment of section 1394 of the Code of 1851; and in these cases it was held that she was entitled to recover, in accordance with the rights given her by the law in force at the time of the alienation of the property by the husband, notwithstanding the law giving such right had been repealed after the taking of the conveyance, and prior to the husband's death. *Davis v. O'Farrall*, 4 G. Green, 168; *Young v. Wolcott*, 1 Iowa, 174; *Burke v. Barron*, 8 Iowa, 132; *Lucas v. Sawyer*, 17 Iowa, 517. In *Davis v. O'Ferrall, supra*, it was said: "The Code completely abrogates the general doctrine of dower. It substitutes a new system, and makes the wife a joint owner of one-third of all the real estate in which the husband at any time during marriage had a legal or equitable interest. * * * A change so complete can have no connecting link with, or retroactive effect upon, prior statutes regulating dower." In

*Lucas v. Sawyer, supra,* the court, in speaking of the
statutory dower right, says: "It is not dower by
name, or as understood at common law, to which she
is entitled. It is the purpose for which it is reserved,
to-wit, the support of the wife, which the law favors,
and it is within the legislative discretion to direct the
character and amount of this support." In *Moore v.
Kent, supra,* it was held that the act of 1862, which
repealed the act of 1852, was not intended to
take away the rights of the wife in the real
estate of the husband, conveyed prior thereto, but
the intent was to enlarge those rights that, as to lands
conveyed by the husband prior to the enactment
of the act of 1862, such rights could not be thus
enlarged as against a purchaser of the property, and
in such case the widow would take only the interest
given her by law in force when the land was alien-
ated. Section 2440 of the Code of 1873 is substantially
like the provisions found in the Acts of 1862, except
that it contains at its close this provision: "The
estates of dower and courtesy are hereby abolished."
There is no serious contention between the counsel
that, had this provision not been embraced within the
Code of 1873, there would be no question under the
decisions of this court, already referred to, that plaint-
iff would be entitled to dower under the law as it
existed when her husband executed the deed to the
land in controversy. It is contended, however, by
appellees that this clause does not, in effect, result in
a mere enlargement of the dower right, as has been
held with respect to former changes in the law; but
it operates to do away entirely with the dower right
theretofore existing, and that there is substituted in
lieu thereof a new right, or interest, of the wife in her
husband's real estate, which the legislature has denomi-
nated "the distributive share of the widow." Code,
section 2441. We are unable to discover why the use of

the words, "the estates of dower and courtesy are hereby abolished," should be held to have the effect contended for. The character and extent of the interest of the wife in her husband's real estate under the provisions of section 2440, of the Code of 1873, was not other or different from what it had been under the acts of 1862. True, the act of 1862 provided that "each is entitled to the same right of dower in the estate of the other, and the like interest shall in the same manner descend to their respective heirs." The corresponding provision in the Code of 1873, reads: "The same share of the real estate of a deceased wife shall be set apart to the surviving husband." Code, section 2440. Now, by the Code of 1873, the extent of the dower interest, or the distributive share, as it was called, remained the same as it had been since 1862. The interest was not changed in any respect; it was simply called by another name. What effect, then, should be given to the language which in terms abolishes the estate of dower? It seems to us it should be held as a declaration of the legislature, that hereafter the interest of the wife in her husband's realty should be known, not as "dower," but as a "distributive share." This construction seems reasonable, because no change was in fact made as to the character or extent of the wife's interest; and for the further reason that the interest, as it existed under the legislation of 1862, and, indeed, under all prior legislation, had not, in fact, been such an interest as was, strictly speaking, "dower," as known and defined at common law. This larger estate spoken of in *Moore v. Kent, supra,* had been in existence continually for eleven years prior to the enactment of the Code of 1873. It is true that in many cases, where the question now involved was not in issue, this court has spoken of the dower estate as being abolished, by section 2440 of the

Code of 1873. *Mock v. Watson*, 41 Iowa, 241; *Kendall v. Kendall*, 42 Iowa, 464; *Daugherty v. Daugherty*, 69 Iowa, 677 (29 N. W. Rep. 778); *Ditson v. Ditson*, 85 Iowa, 276 (52 N. W. Rep. 204), and cases cited. In *Mock v. Watson, supra*, it is said: "Section 2440 abolishes the estate of dower, and creates another to take its place. For the newly-created estate the legislature has applied no name. * * * Before this section, dower, as to quantity and duration, as well as in other matters, was wholly regulated by statute. In these matters little, if any, change has been made, affecting the estate of the widow, further than the attempted abolition of the use of the term 'dower,' and the suspension of the application of certain principles peculiar to the estate of dower to the newly-created estate of the widow." It will serve no useful purpose to extend this discussion. We conclude, and hold, that the clause under consideration, was intended only to abolish the use of the words "dower" and "courtesy," as descriptive of the newly-created estate, and that it was not intended, by its use, to do away with the rights of the husband or wife in the real estate of the other as they then existed. This result, seems to us in harmony with the holdings of this court, already referred to, and the force of which, is not affected by the phraseology used in section 2440, of the Code of 1873. It follows, therefore, that the demurrer should have been overruled, and the plaintiff, if she establishes the facts pleaded, is entitled to dower, as provided in the statute in force when the land was alienated.—Reversed.