IN RE WILL OF J. E. WATENPAUGH.

**WILLS:** Nonlapse of Devise and Bequest to Wife. A testamentary provision by a husband to the effect that his wife shall have one third of all his property (exactly what the statutory law of descent gives, in the absence of a will) is, *in legal effect*, a declaration that testator does not intend to create a devise and bequest *by will*, but intends that the wife shall take her rights under the statutory law of descent. It follows that, if the wife predeceases her husband, *her* heirs do not take one third. On the other hand, a testamentary provision to the effect that the wife shall take one third of the husband's property, and, *in addition*, an estate for life, or during widowhood, in the remaining two thirds, is, in legal effect, a declaration that he creates a devise and bequest, which, as to

said one third, will not lapse, in case the wife predeceases him, but which will descend to *her* heirs.

· WEAVER, PRESTON, and DE GRAFF, JJ., dissent. ·

*Appeal from Fayette District Court.*—W. J. SPRINGER, Judge.

JANUARY 17, 1922.

ACTION for the construction of a will.    The petitioners appeal.    The facts are stated in the opinion.—*Affirmed.*

*H. P. Hancock,* for appellants.

*W. J. Rogers* and *Ainsworth & Antes,* for appellees.

FAVILLE, J.—The testator, J. E. Watenpaugh, died April 4, 1919, leaving a last will and testament, dated January 30, 1901.    The said testator had been twice married.    By his first wife, he had two children, the appellants herein.    Some time after the death of his first wife, the testator remarried, the second wife's name being Neva Watenpaugh.    This marriage occurred some time prior to the execution of the testator's will. By his second wife, he had three children, the appellees herein. The said Neva Watenpaugh died some time in the year 1911. Item 2 of the will of the said testator is as follows:

"I give, devise and bequeath unto my beloved wife, Neva Watenpaugh, an equal undivided one third of all the property both real and personal of which I may die seized, or possessed, to have and to hold the same to her, her heirs, personal representatives and assigns forever.    The provisions in this will made in behalf of my said wife are in lieu of dower and of her distributive share in my estate."

Item 4 is as follows:

"I give, devise and bequeath to my wife the undivided two thirds of all the property both real and personal of which I may die seized or possessed to have and to hold for her during her natural life, or so long as she shall remain my widow the income thereof to be for the support of herself and family.    I direct that the undivided two thirds of the proceeds of the sale of my personal property after the payment of my debts shall be

loaned upon real estate mortgages which shall be a first lien and ample security therefor and the income shall be paid to my wife during her natural life or so long as she shall remain my widow. Upon the death of my said wife or upon her marriage then I direct that the said property shall be divided among my children living at my death share and share alike. In case any of my children die either before or after my death leaving children then the share of said child or children so dying shall be divided among their descendants.''

It is appellee's contention that, under the terms and provisions of said will, an undivided one-third interest in the estate of the said decedent descends to her heirs, under the provisions of Section 3281 of the Code. The said section is as follows:

''If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest.''

Under Code Section 3280, the word ''devise'' is construed to include ''bequest,'' and ''devisee'' includes ''legatee;'' and we shall refer to the gift as a devise, and to the beneficiary as a devisee.

The question for our consideration is whether or not, under the terms and provisions of the will, the devise to the wife, Neva Watenpaugh, was of such character that it passes to her heirs, under the terms of said section of the Code, it being established that she predeceased the testator. The appellants' contention is that the devise to the wife, Neva, was exactly the same share in the estate of the testator that she would have received under the law, had no will been executed; and that because thereof, she takes by descent, and not by purchase; and that her heirs do not take the share devised to her, under the provisions of Code Section 3281.

In *McAllister v. McAllister*, 183 Iowa 245, we said:

''In the absence of such a statute, such a devise must have lapsed, and been disposed of as intestate property. This statute was enacted to obviate that result, and to substitute in place of the devisee those persons 'who would presumably have enjoyed the benefits of such devise, had the devisee survived the death of the testator and died immediately afterwards.' ''

Our inquiry is whether or not, under the will in question, the devise lapses, or does it pass, under the statute, to the heirs of the predeceased devisee?

In *Herring v. Herring*, 187 Iowa 593, we said:

"It is well settled that, where a devise in a will gives the same estate to the devisee that he would take under the statute of descent, if there were no will, the beneficiary in such case still takes the 'worthier title' by descent, and not under the will. *Rice v. Burkhardt*, 130 Iowa 520; *Tennant v. Smith*, 173 Iowa 264; *Gilpin v. Hollingsworth*, 3 Md. 190 (56 Am. Dec. 737, 738); *Post v. Jackson*, 70 Conn. 283 (39 Atl. 151); *Davidson v. Koehler*, 76 Ind. 398."

It is the appellants' contention that, under the terms of the will in question, and under the rule above announced, the testator, by the terms of his will, gave to his widow exactly the share of his estate which she would have been entitled to under the statute of descent, if there had been no will; and that, in the event she had survived him, she would have taken the worthier title by descent, and not under the will. If it be true that, under the terms and provisions of the will, the widow of the testator, if she had survived him, would have taken under the will exactly the share in the estate of the testator which she would have taken under the statute, had there been no will, then it follows that she would have taken such share by descent, and not by devise or purchase. Appellants contend that the instant case is controlled by our ruling in *Tennant v. Smith*, 173 Iowa 264, and *Herring v. Herring*, 187 Iowa 593.

In *Tennant v. Smith*, supra, the clause under consideration was as follows:

"I give and bequeath to my husband, Jonathan Duncan, such share of my estate as he is entitled to have and receive under the laws of the state of Iowa."

We held that, under this provision of the will, the husband would take "exactly" the provision which the law would make for him, and that, therefore, where he predeceased the testatrix, his heirs would not take the share so devised to him, under the terms of Section 3281 of the Code.

In *Herring v. Herring*, supra, the clause in the will under consideration was as follows:

"I give, and bequeath to my husband, Peter Rohret, all that share or part of my estate, real, personal and mixed, which would go to him under the statute of distribution of this state, if I should die intestate, neither desiring to increase nor curtail his said distributive share or interest in my estate, but intending to leave him to take just so much as the law gives to a surviving husband in cases of intestacy."

We held that, under this clause of the will, the husband would take precisely what was given him under the statute of distribution, and that, since he predeceased the testatrix, nothing passed, under the will, to his heirs.

It is apparent that, in the *Tennant* case and in the *Herring* case, the bequest was expressly limited to the exact amount which the beneficiary would have received under the laws of descent. The language of the bequest in each case expressly provides, in effect, that it is the intention to bequeath the identical share provided by the statutes of the state. In the instant case, however, we find more in the will than in either of the wills in the cited cases. This will, like all other wills, must be construed in its entirety, and when so construed, we find that, in addition to the second item of the will, under the fourth item of the will the testator gives to his wife the use of the undivided two thirds of all his real and personal property during her natural life, or so long as she should remain his widow. Had the widow survived her husband, she would have taken an undivided one third of all of his property, and, in addition thereto, she would have taken the use of the remaining two thirds of his property for the term of her natural life, or during her widowhood.

For the purpose of determining whether the property bequeathed under the will passes to the heirs of the predeceased legatee, it is necessary for us to construe the will in its entirety, and to construe it as though the predeceased devisee had, in fact, survived the testator. We are to determine just what the legatee would have received, had she been living at the time of the testator's death; and in order to do so, we must read the will in its entirety. When this is done, we find that she would have obtained under the will more than the share allowed her under the statute of descent; for, in addition to the one third

provided by law, she would have received the estate created in the two thirds of the testator's real and personal property. The widow, had she survived, would, therefore, have received a larger estate than that given her by the statute of descent. The will gave her more than the law would have given her, and, had she survived the testator, she would have taken more under the will than she could have taken under the statute. That being true, the rule invoked that she would take under the law as the worthier title does not apply, and the heirs of the predeceased legatee are entitled, under Section 3281 of the Code, to at least so much of the entire estate bequeathed to the predeceased legatee as was in existence and available to them at the time of the death of the testator.

We are of the opinion that the decree of the lower court was correct, in awarding to the heirs of Neva Watenpaugh an undivided one third of the estate of the testator, and the decree of the district court must, therefore, be—*Affirmed.*

Stevens, C. J., Evans and Arthur, JJ., concur.

Weaver, Preston, and De Graff, JJ., dissent.